RECEIVED
IN ALEXANDRIA, LA.
SEP 1 1 2013
TONY R. MOORE, CLERK
           DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UMEKKI GREEN | : | DOCKET NO. 3:12-2162 |
| VS. | : | JUDGE TRIMBLE |
| LSU HEALTH SCIENCE CENTER SHREVEPORT | : | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

Before the court is a "Motion to Dismiss Pursuant to Rule 12(B)(1), (4) and (6)" (R. #15) filed by defendant LSU Health Science Center-Shreveport ("LSU") and a "Motion to Dismiss as Res Judicata" (R. #16) filed by defendant, LSU. In the first motion, LSU seeks to be dismissed because (1) it is not a juridical entity and lacks the capacity to sue or be sued. Therefore, LSU maintains that plaintiff has stated a claim for which relief cannot be granted, and/or plaintiff failed to effectuate service on the proper agent for service and the proper defendant. In the second motion to dismiss, LSU maintains that the instant suit is identical to the allegations made in docket No. 3:07-1819 entitled Umekki L. Green v. LSU Health Science Center Shreveport, Swanson Correctional Center for Youth,[1] and thus barred by res judicata. Plaintiff, Umekki Green has filed no opposition to this motion.

### FACTUAL ALLEGATIONS

Plaintiff makes the following allegations: Plaintiff was employed as a social worker by the LSU Health Science Center-Shreveport. Plaintiff alleges that she was harassed and discriminated

---

[1] In that suit, Judge James dismissed the suit with prejudice (R. #21 and 22). Plaintiff appealed the ruling to the Fifth Circuit and the Fifth Circuit affirmed the dismissal. (R. #36).

against beginning on or about July 19, 2004 until her resignation in March 2006. On December 31, 2005, plaintiff's Social Work License expired. On January 5, 2006, she was instructed that she would be placed on leave without pay. She complains that she was not given any written notice prior to being placed on leave, but did receive a letter on or about January 21, 2006 notifying her she would be placed on leave without pay. On January 27, 2006, plaintiff renewed her license and she returned to work on January 30, 2006.

Plaintiff further complains that defendant "overtly and covertly utilized race, reprisal, and harassment to deny or stifle plaintiff's opportunities resulting in plaintiff's resignation and loss of employment. Plaintiff seeks (1) a permanent injunction to enjoin defendant from unlawful discriminatory practices, eliminate disparate treatment and reprisal for participation in activities protected by Title VII, (2) an award for compensatory and punitive damages pursuant to Title VII, and (3) any other appropriate damages.

## LAW AND ANALYSIS

LSU first maintains that it is not the proper party to be sued. LSU maintains that the proper party would be the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College.[2] LSU further remarks that the President of the Board would be the proper person to serve with process. Thus, LSU maintains that it should be dismissed because plaintiff has sued an entity that cannot be sued, and plaintiff has failed to effectuate service on the proper agent for service and the proper defendant. LSU also maintains that the instant suit is prescribed because plaintiff was issued a right to sue letter dated May 5, 2012, and the instant lawsuit was filed on August 10, 2012. Consequently, more than 90 days have passed since issuance of the letter.

In their second motion to dismiss, LSU seeks to dismiss the lawsuit because it is barred by

---

[2] La. Const. 1974 art. 8, § 6 and LSA-R.S. 17:3351(A)(1).

*res judicata*. LSU maintains that plaintiff filed suit against the same defendant on November 2, 2007, Docket No. 3:07-1819 entitled <u>Umekki Green v. LSU Health Science Center Shreveport (Swanson Correctional Center for Youth).</u> LSU argues that the allegations and causes of actions are identical to the instant suit. The court has reviewed both complaints. In both complaints, plaintiff complains of alleged racial discrimination and retaliation for the exact same period of employment with the exact same employer.

One concept of res judicata referred to as claim preclusion, treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action.[3] Under claim preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial.[4]

To determine if claim preclusion is applicable, four conditions must be met: (1) the parties in the later action must be identical to, or at least in privity with the parties in the prior action, (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction, (3) the prior actions must have concluded with a final judgment on the merits, and (4) the same claims or cause of action must be involved in both suits.[5]

After a careful review of the complaints in both suits, it is abundantly clear that the parties are identical, the prior judgment was a court of competent jurisdiction, there was a final judgment on the merits, and it involved the same claims or causes of actions. The court finds that as maintained by LSU, it is the wrong party to be sued, but more significantly, this lawsuit is barred by

---

[3] <u>Sea-Land Services, Inc. v. Gaudet,</u> 414 U.S. 573, 578-79, 94 S.Ct. 806 (1974).

[4] <u>Kaspar Wire Works, Inc. v. Leco Engineering & Mach. Inc.,</u> 575 F.2d 530, 535 (5th Cir. 1978).

[5] <u>Eubanks v. Federal Deposit Ins.Corp.,</u> 977 F.2d 166, 169 (5th Cir. 1992).

*res judicata* and must be dismissed.

## CONCLUSION

For the reasons set forth above, the motion to dismiss (R. #15) will be granted because defendant, LSU Health Science Center-Shreveport, is not a juridical entity and therefore cannot be sued, and the motion to dismiss based on *res judicata* (R. #16) will be granted dismissing with prejudice the instant lawsuit.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 11th day of September, 2013.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE